This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Clark G. Lewis, appeals from the judgment of the Summit County Court of Common Pleas that adjudicated him a habitual sex offender. We affirm.
 {¶ 2} The Summit County Grand Jury indicted Appellant on one count of rape, in violation of R.C. 2907.02(A)(2), a first degree felony, and one count of sexual battery, in violation of R.C.2907.03(A)(5), a third degree felony. Appellant initially pled not guilty to the charges, but later waived his right to a jury trial and pled guilty to sexual battery. The remaining rape charge was dismissed. The trial court, after determining that his plea was voluntarily made and with a full understanding of the consequences, accepted Appellant's plea. The court sentenced Appellant to three years of incarceration. Pursuant to a sexual classification hearing, the court adjudicated Appellant a habitual sex offender pursuant to R.C. 2950.09(C); the judgment entry noted that the parties also stipulated to this classification.
 {¶ 3} Thereafter, Appellant filed a notice of appeal from the judgment of conviction and sentence, attaching only a copy of the journal entry that adjudicated him a habitual sex offender. On May 2, 2005, this Court issued a journal entry concluding that we did not have jurisdiction over the merits of Appellant's conviction and sentence because he had not timely appealed from that judgment. However, we concluded that the exercise of our jurisdiction would be limited to the merits of the judgment that adjudicated Appellant a habitual sex offender.
 {¶ 4} On July 19, 2005, counsel filed a motion to dismiss the appeal on the basis that he did not believe he could proceed on any reasonable grounds or assignments of error. We denied the motion and gave counsel 20 days to file a brief on the merits, comply with the requirements set forth in Anders v. California
(1967), 386 U.S. 738, 18 L.Ed.2d 493, or file a statement signed by Appellant that waived his right to appeal.
 {¶ 5} On August 29, 2005, counsel again moved for an order of dismissal, but this time also requested that this Court allow him to withdraw. Counsel explained once again that he could not find any grounds to proceed or any reasonable assignments of error to present to this Court. We denied the motions and gave counsel 20 days to file a brief on the merits, comply with Anders
requirements, or file a signed statement from Appellant.
 {¶ 6} On October 3, 2005, Appellant filed a motion for substitution of counsel. We denied the motion on the basis that we provided counsel with a 20-day extension.
 {¶ 7} On October 24, 2005, counsel filed an Anders brief, and served a copy of the brief on Appellant. This Court also afforded Appellant the opportunity to raise arguments after review of the Anders brief, and Appellant filed his own brief accordingly.
 {¶ 8} Upon our own full, independent examination of the record before this Court, we find that there are no appealable, non-frivolous issues in this case. See State v. Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758, at *2. Therefore, we affirm the judgment of the Summit County Court of Common Pleas. Appellate counsel's motion to withdraw as counsel is hereby granted.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Carr, J., concur.